UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ERIC STONE-DUNLAP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00811-TWP-TAB |
| | ) | |
| STATE OF INDIANA, | ) | |
| CORRECTIONAL INDUSTRIAL FACILITY, | ) | |
| Warden, Correctional Industrial Facility, | ) | |
| | ) | |
| Respondents. | ) | |

**Order Denying Petition for Writ of Habeas Corpus and
Denying a Certificate of Appealability**

Petitioner Eric Stone-Dunlap ("Stone Dunlap") is serving a 20-year sentence for his 2012 Marion County, Indiana, conviction for aiding murder. Although he asserts that he is bringing this action based on Article I Section 9 Paragraph 2 of the United States Constitution[1] and not pursuant to 28 U.S.C. § 2254. A petition for "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States" is brought pursuant to 28 U.S.C. § 2254. For the reasons that follow, Stone-Dunlap's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice**. In addition, a certificate of appealability should not issue.

**I.    Factual and Procedural Background**

On October 10, 2012, pursuant to a plea agreement, Stone-Dunlap pleaded guilty to aiding murder. He was subsequently sentenced to 20 years imprisonment. Stone-Dunlap did not appeal his conviction.

---

[1] Article I, Sec. 9, Par. 2 of the United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."

On April 14, 2015, Stone-Dunlap filed a motion for modification of placement which was denied on April 16, 2015.

On December 11, 2017, Stone-Dunlap filed a petition for post-conviction relief. After a hearing, the post-conviction court denied relief on May 2, 2018. Stone-Dunlap has not appealed the denial of his post-conviction petition.

However, prior to the post-conviction hearing, on March 13, 2018, Stone-Dunlap filed a petition for writ of habeas corpus in this Court, challenging the propriety of his post-conviction proceedings, and seeking release from prison.

## I. Discussion

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

Stone-Dunlap alleges that the State violated Indiana Trial Rule 15 during his post-conviction proceeding. However, this argument has never been presented to the Indiana Court of

Appeals or the Indiana Supreme Court. Before presenting the claim to a federal court, Stone-Dunlap must have presented the claim to the Indiana Court of Appeals and the Indiana Supreme Court. *See Hough*, 272 F.3d at 892.

If a petitioner has not fairly presented his claims to the state courts, a petitioner may nevertheless circumvent his failure to exhaust state remedies if either (1) no state corrective process is available to address his claims, or (2) circumstances exist that render such process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B); *Castille v. Peoples*, 489 U.S. 346, 349 n. 1 (1989); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). Stone-Dunlap has not presented any such arguments. Rather, he merely asserts, incorrectly, that he does not have to exhaust any state remedies or abide by the requirements of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* Dkt. No. 10 at 1. Because Stone-Dunlap has failed to exhaust his state court remedies, which is his burden to prove, *Baldwin v. Lewis*, 442 F.2d 29 (7th Cir. 1971), his petition must be dismissed.

However, even if Stone-Dunlap had exhausted his state remedies, his petition is untimely. In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of AEDPA, revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). Along with triggering dates not applicable here, "[u]nder 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015).

Stone-Dunlap's conviction and sentence became final when his 30-day deadline to seek direct appeal from the trial court's judgment expired. 28 U.S.C. § 2244(d)(1)(A). Because he pleaded guilty and was sentenced on October 10, 2012, his conviction became final on November

9, 2012. Ind. App. R. 9. Any petition for a writ of habeas corpus, therefore, was due one year later, on November 9, 2013.

Although a pending petition for post-conviction relief may toll the statute of limitations, Stone-Dunlap failed to file a petition for post-conviction relief until December 11, 2017, more than four years after the AEDPA statute of limitations expired. His petition for post-conviction relief therefore does not toll the statute of limitations because that time period had already expired. *See Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004).

Stone-Dunlap might be able to overcome the passage of the statute of limitations if he can show that the deadline should be equitably tolled. A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Stone-Dunlap does not provide any explanation as to why he might be entitled to equitable tolling.

In short, Stone-Dunlap's habeas petition is untimely and he has shown no reason for its untimeliness.

## II. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). The petitioner has encountered the hurdle produced by the one-year statute of limitations and has failed to exhaust his state court remedies. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied with prejudice**. Judgment consistent with this Order shall now issue.

### III. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 6/15/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ERIC STONE-DUNLAP
201315
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov